EDWARD T. BEDFORD TRUST, TITLE GUARANTEE AND TRUST COMPANY, TRUSTEE UNDER DEED OF TRUST, DATED DECEMBER 1, 1928, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97260. Promulgated September 27, 1940.

*Holt S. McKinney, Esq.*, for the petitioner.
*Henry C. Clark, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $242.68 in income tax for the calendar year 1935. The issue for decision is whether the basis for loss on 200 shares of stock is to be determined under section 113 (a) (2) or under section 113 (a) (3) of the Revenue Act of 1934. The Board adopts the stipulation of facts as its findings of fact.

Edward T. Bedford purchased 200 shares of New York, New Haven, & Hartford Railroad Co. stock on October 1, 1927, for $21,475. He created the petitioner trust on December 1, 1928, and transferred the 200 shares to it on that same day. The fair market value of the shares on that day was $15,400. The trust was to continue until the death of the last survivor of a group consisting of the grantor's wife and four children. The net income was payable to the wife for life and thereafter to the children or their issue. The corpus was to be divided among the grandchildren of the grantor. The petitioner sold the shares in 1935 for $1,550. It computed its loss on the sale by subtracting the amount realized from $21,475 and deducted 40 percent thereof, pursuant to sections 113 (a) (3) and 117 (a). The Commissioner allowed a smaller loss, representing 40 percent of the difference between the amount realized and $15,400. He applied sections 113 (a) (2) and 117 (a).

Section 113 (a), providing the basis for gain or loss, is in part as follows:

(2) GIFTS AFTER DECEMBER 31, 1920.—If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, except that for the purpose of determining loss the basis shall be the basis so determined or the fair market value of the property at the time of the gift, whichever is lower. * * *

(3) TRANSFER IN TRUST AFTER DECEMBER 31, 1920.—If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by a bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made.

The Commissioner contends that the transfer was a gift, *Burnet* v. *Guggenheim*, 288 U. S. 280; the trustee "acquired by gift", *Helvering* v. *New York Trust Co.*, 292 U. S. 455; the regulations expressly provide that subparagraph (2), rather than (3), applies to a gift made by a transfer in trust; and, therefore, the basis here is the fair market value of the stock at the time of the transfer, which value was lower than the cost to the donor. Subparagraph (2) would cover this case if it stood alone, but the same could be said of (3), for clearly

"the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by a bequest or devise)." Since the facts in this case bring it within the wording of each of the subparagraphs, we must try to determine which one Congress intended should cover such a case.

The Commissioner's citation of his own regulations is not particularly helpful. The ruling contained in Regulations 86, article 113, to the effect that (2) and not (3) applies to a gift by way of transfer in trust, appeared for the first time in those regulations. It was a definite change from a series of prior regulations, beginning with those covering the Revenue Act of 1924, in which the counterpart of (3) appeared for the first time. The Commissioner had provided in those prior regulations that the provision corresponding to (3) applied to all transfers in trust, excepting transfers in trust by bequest or devise, but never excepting gift transfers. Regulations 77, art. 594; Regulations 74, art. 594; Regulations 69, art. 1595; Regulations 65, art. 1595. The change in the regulations relating to (3) was not occasioned or justified by any change in (3). Furthermore, the change in the regulations relating to (3) finds no support in the purpose behind the change in (2), as that purpose appears in the Congressional committee reports. The purpose of the new part of (2) was there stated as follows:

Section 113. Adjusted basis for determining gain or loss: Under section 113 (a) 2 of the present law, if a taxpayer acquires property by gift he is required to use as his basis the basis the property had in the hands of the donor. This section has been utilized to transfer losses from one person who has little income to another person with a large income. For instance, a taxpayer has property which cost him $100,000 but which is now practically worthless. If he sells the property himself, the loss on the sale will not do him any good, due to the fact that he has no income against which to offset it. He transfers such property by gift to a relative or close friend with a large income, and such relative or close friend makes the sales and reduces his income by a $100,000 loss. To prevent such avoidance, this section of the bill requires the donee to use, for the purpose of determining loss, the donor's basis or the market value of the property at the time of the gift, whichever is lower. [H. Rept. No. 704 and S. Rept. No. 558, 73d Cong., 2d sess.]

The legislation was not aimed at transfers in trust, apparently, since such transfers are not mentioned in the reports and no change was made in (3). Furthermore, transfers in trust are not particularly suitable for the method of tax avoidance described by Congress. The present transfer was not made to pass on a loss. Thus, the Commissioner can not point to a long line of consistent administrative interpretation which might be said to have the effect of law and he can not find support for his changed interpretation in the legislative history of the provisions of the act.

Gifts and transfers in trust are overlapping classes, but neither is all-inclusive of the other. Consequently, the argument of the peti-

tioner, that (3) is particular and (2) is general, is not persuasive. However, the most natural and reasonable interpretation of the statute is that (3) applies here rather than (2). Cf. *Francis Francis, Guardian,* 15 B. T. A. 1332, in which we said, "The difference between a gift and a trust has been too well known in the law to permit the view that Congress intended by using the word gift to include trusts and thus to involve the statute in the confusion which would necessarily result." A strong point in support of this view is that Congress expressly excluded the application of (3) from transfers in trust by bequest or devise (to which (5) would apply) but refrained from similarly excluding gift transfers in trust, which must be one of the most common types of transfers in trust. Compare, in this connection, the wording of section 22 (b) (3), where not only bequests and devises but also gifts were expressly excluded from gross income. We conclude that the statute as a whole indicates that (3) is not limited in its application to trusts for which there is a consideration in money or money's worth but covers as well a transfer such as occurred in this case.

Reviewed by the Board.

*Decision will be entered under Rule 50.*